| | |
|---|---|
| 1 | CARLA FELDMAN, SBN 119864 |
| | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | 300 South Grand Avenue |
| | Twenty-Second Floor |
| 3 | Los Angeles, CA 90071-3132 |
| | Tel: 213.612.2500 |
| 4 | Fax: 213.612.2501 |
| 5 | Attorneys for Defendant |
| | THE SALVATION ARMY |
| 6 | |
| 7 | YOSEF PERETZ (SBN 209288) |
| | KLETTER & PERETZ |
| | One Embarcadero Center, Suite 1200 |
| 8 | San Francisco, CA 94111 |
| | Tel: (415) 732-3777 |
| 9 | Fax: (415) 732-3791 |
| 10 | Attorney for Plaintiff |
| | DOLORES NARANJO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DOLORES NARANJO, | | Case No. 06-02005 SI |
| | Plaintiff, | **STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |
| vs. | | The Honorable Susan Illston |
| THE SALVATION ARMY and DOES 1 through 20 inclusive, | | |
| | Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned matter, and by and between their undersigned counsel, that:

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objection or cause of action any party may have (including but not limited to any objection or cause of action arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary

information), and solely for the purposes of providing a procedure for the handling and protection of Confidential Material, as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Material. Certain documents, things and information disclosed through discovery or otherwise, may constitute or contain secret, proprietary, private, or confidential information. This information may include but is not limited to (i) proprietary information; (ii) any non-public information; (iii) personnel data of persons not named parties to this action; and (iv) personal and sensitive information relating to the Plaintiff in this action.

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either; (a) produced during discovery proceedings in this action; (b) included in an order of this Court; or (c) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute or contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. (a) All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Order without the need for any designation until the end of the fourteenth (14) day after the date on which it is/they are produced.

(b) Documents and other discovery material may be designated as Confidential Material; (i) by affixing a legend to every page of the document at the time of

production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing with twenty (20) days of receipt of the documents or other discovery materials. The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4. Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the fourteenth (14) day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Order until the end of the fourteenth (14) day after the date of receipt of the deposition transcript. In addition, any party may designate a Confidential Material, in accordance with paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The deposition testimony in dispute shall remain Confidential subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5. Motion papers or other Court filings, including exhibits, that disclose

1  Confidential material shall be the subject of an application to file the Confidential Material under
2  seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District Court, Northern
3  District of California. Nothing shall be filed under seal and the Court shall not be required to take
4  any action without separate prior order by the judge before whom the hearing or proceeding will
5  take place after application by the affected party with appropriate notice to opposing counsel. If
6  the receiving party disputes a confidential designation or motion papers or exhibits, then the
7  receiving party must notify the designating party of that dispute in writing. If the parties are
8  unable to resolve their dispute, either party may move the Court for an order approving or
9  removing the confidential designation and the non-moving party may oppose such motion. In the
10 interim, the designated material shall be deemed Confidential Material until the issue is resolved
11 by the Court.

In the alternative, the party who intends to submit any document, answer to interrogatory or request for admission, or deposition transcript identified as containing Confidential Material with the Court for any purpose, may contact the party who has produced the Confidential Material and seek consent to the filing of such information without compliance with the requirements of Rule 79-5 of the Civil Local Rules for the United States District Court, Northern District of California.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7. Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

(a) the Court in this action and court personnel, and stenographic reporters and videographers at depositions taken in this action;

(b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any

1 party;

2     (c) employees of counsel and persons assigned to assist counsel in the
3 prosecution, defense, or settlement of this action;

4     (d) individual parties, including the Plaintiff, and any director, officer or
5 employee of any party of this action, to the extent deemed necessary by counsel for the
6 prosecution, defense or settlement of this action; and

7     (e) witnesses, experts, and consultants, but only to the extent reasonably
8 deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if
9 the witnesses and consultants sign the Confidentiality Agreement.

10     8. Any disputes between counsel regarding the scope of Confidential Material
11 will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly
12 to review and resolve informally issues centering on Confidential Material. If such meeting fails
13 to resolve any disputes, the parties shall promptly seek the Court's assistance. Pending the
14 Court's resolution of such issues, such material shall remain designated as Confidential Material.

15     9. Prior to the disclosure of any Confidential Material by the producing party
16 to the receiving party, the producing party, or any individual entitled to review such information
17 pursuant to the provisions of the proceeding paragraphs 7(d) or 7(e), such individual shall be
18 provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to
19 read it. After such person has read the Agreement, he or she shall be required to sign a copy of
20 the attached agreement acknowledging that he or she shall abide by the terms of this Agreement
21 and Order. The parties agree to obtain and retain a signed copy of the attached agreement from
22 any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

23     10. The inadvertent or unintentional disclosure by any party of Confidential
24 Material, regardless of whether the information was so designated at the time of the disclosure,
25 shall not be deemed a waiver in whole or in party of a party's claim of confidentiality, either as to
26 the specific information disclosed or as to any other information disclosed or as to any other
27 information relating thereto on the same or related subject matter.

28     11. Nothing contained in this Confidentiality Agreement and Protective Order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/900032.1          5          PROTECTIVE ORDER (06-02005 SI)

1 shall affect or restrict the rights of any party with respect to its own documents.

2   12.   A producing party may notify in writing the other party that documents that
3 should have been designated Confidential Material were inadvertently produced without being so
4 designated. Upon receiving such written notice from the producing party, the receiving party
5 shall thereafter treat the documents as Confidential Material pursuant to this Protective Order.

6   13.   Upon final termination of this action, a party producing Confidential
7 Material may request the return or destruction of all such material and of other documents
8 containing information or data from the Confidential Material, and all copies thereof made by or
9 on behalf of the receiving parties, and the receiving parties shall comply with such request unless
10 otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an
11 archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or
12 attorney-work product, even if such materials contain Confidential Material. Any such archival
13 copies that contain or constitute Confidential Material remain subject to this Confidentiality
14 Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by
15 Counsel in any way in any other matter, including in any other case, action, or proceeding.

16   14.   The provisions of this Order are without prejudice to any application by
17 any party at any time, on notice, for a modification or dissolution of or relief from this Agreement
18 and Order or any provision hereof.

19   15.   The parties and their attorneys, and all other persons agreeing to this
20 undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

21   16.   The foregoing is entirely without prejudice to the right of any party to
22 apply to the Court for any further Protective Order relating to any confidential documents or
23 information; or to apply to the Court for an order compelling production of documents; or for the
24 modification or relaxation of this Order.

25   17.   The Court may modify the Protective Order in the interest of justice or
26 public policy.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

| | | |
|---|---|---|
| 1 | Dated: ~~August~~ September 1, 2006 | MORGAN, LEWIS & BOCKIUS LLP<br>CARLA FELDMAN |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Carla Feldman |
| 5 | | Carla Feldman<br>Attorneys for Defendant |
| 6 | | THE SALVATION ARMY |
| 7 | Dated: August 29, 2006 | KLETTER & PERETZ<br>YOSEF PERETZ |
| 8 | | |
| 9 | | By /s/ Yosef Peretz |
| 10 | | Yosef Peretz<br>Attorneys for Plaintiff |
| 11 | | DOLORES NARANJO |
| 12 | | **ORDER** |
| 13 | IT IS SO ORDERED | /s/ Susan Illston |
| 14 | Dated: August ___, 2006 | |
| 15 | | The Honorable Susan Illston |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES NARANJO,<br><br>  Plaintiff,<br><br>vs.<br><br>THE SALVATION ARMY AND Does 1-20, inclusive,<br><br>  Defendant. | Case No. 06-02005 SI<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Susan Ilston |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed:_____

Name:_____

Title:_____

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

1-LA/900032.1

8

PROTECTIVE ORDER (06-02005 SI)

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132.

On September 1, 2006, I served the within document(s):

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☒ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

**Yosef Peretz, Esq.**
Kletter & Peretz
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 732-3790
Email: yp@kletterperetz.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 1, 2006, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

*/s/ Adriana Reyes*
Adriana Reyes