IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLORES NARANJO,

          Plaintiff,

  v.

THE SALVATION ARMY,

          Defendants, et al.,
                                     /

No. C 06-02005 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND VACATING SEPTEMBER 22, 2006 HEARING**

Plaintiff has filed a motion for leave to file a second amended complaint, which is currently scheduled for a hearing on September 22, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and VACATES the hearing. After consideration of the parties' papers, and for the reasons set forth below, the Court hereby GRANTS plaintiff's motion.

**BACKGROUND**

**I.     Factual Background**

This is a case for wrongful termination and wrongful eviction against defendant, the Salvation Army. The complaint alleges that on or about May 13, 2004, plaintiff Dolores Naranjo became an employee of the Salvation Army. First Am. Compl. ¶ 8. On or about May 14, 2004, plaintiff also became a tenant of defendant. *Id.* at ¶ 5. Plaintiff lived at the Duplain House, a transition house, after participating in a treatment program for alcohol addiction. *Id*. at ¶ 6. On May 13, 2004, Ms. Naranjo signed an Employee's Consent for Testing of Drugs and Alcohol. *Id*. at ¶12. The agreement stated that in the event that she tested positive for drugs twice, the Salvation Army could terminate her employment. *Id.*

1    On March 16, 2005, plaintiff injured her back while lifting heavy furniture at her job, and she
2 missed a few days of work as a result. *Id.* at ¶ 14. On March 18, 2005, plaintiff's doctor authorized
3 her to return to work the following day. *Id.* at ¶ 16. On March 22, 2005, plaintiff filed an Employee's
4 Claim for Workers' Compensation Benefits due to her injury. *Id.* at ¶ 18. On or about April 7, 2005,
5 plaintiff advised the property manager for the Duplain House that she was prescribed Vicodin for her
6 back pain. *Id.* at ¶ 20. The property manager told Ms. Naranjo to only take the medication at night. *Id.*
7 Later, the property manager sent plaintiff a memorandum requesting that she ask for a different pain
8 medication that was nonaddictive and would not cause her to test positive if she took a drug test. *Id.*
9 at ¶ 22.

10    On April 14, 2005, one of defendants' employees requested that plaintiff provide a urine sample
11 to conduct a drug test. *Id.* at ¶ 23. Plaintiff complied and was told that she tested positive for opiates
12 and amphetamines. *Id.* Defendant then evicted Ms. Naranjo from the Duplain house and told her to
13 report to defendant's office the following day. *Id.* at ¶ 25. On April 15, 2005, plaintiff arrived at the
14 office and a representative of defendant told plaintiff that she was suspended from work for three days
15 because of a "report of substance abuse." *Id.* at ¶ 26. Additionally, defendant requested another urine
16 sample, which plaintiff provided. Proposed Second Am. Compl. ¶ 27. After being suspended, plaintiff
17 went to St. Luke's Hospital and voluntarily submitted herself to a drug test. First Am. Compl. at ¶ 27.
18 The results of that test were negative. *Id.* When plaintiff returned to the office on April 19, 2005, she
19 was notified that she was terminated. *Id.* at ¶28.

20

21 **II.    Procedural Background**

22    On November 22, 2005, plaintiff filed a complaint against the Salvation Army in the Superior
23 Court for the State of California, County of San Francisco, alleging state law claims. After defendant
24 filed a demurrer, plaintiff filed a first amended complaint which added new federal claims. On March
25 13, 2006, defendant answered the amended complaint, and on March 16, 2006, defendant removed the
26 case to federal court. On August 18, 2006, plaintiff filed the instant motion to amend her complaint to
27 include a request for punitive damages, add additional factual allegations, and clarify her first claim for
28

2

wrongful eviction.[1] Plaintiff's motion also seeks to amend the complaint to demand a jury trial for the punitive damage claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very liberal in granting leave to amend a complaint. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). The Court may deny amendment under Rule 15(a) "when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers v. Ins. Co. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990). A Court may also deny amendment if that amendment would be futile, or if there have been previous unsuccessful attempts to cure deficiencies. *See Foman*, 371 U.S. at 182. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Id.*

---

[1] The proposed second amended complaint includes claims for (1) wrongful eviction; (2) wrongful eviction (Fair Housing Act); (3) wrongful eviction (Rehabilitation Act); (4) wrongful eviction (Fair Employment and Housing Act); (5) wrongful eviction (Unruh Civil Rights Act); (6) wrongful eviction (breach of the covenant of good faith and fair dealing); (7) wrongful eviction (breach of the covenant of quiet enjoyment); (8) retaliation (Fair Employment and Housing Act); (9) retaliation (Unruh Civil Rights Act); (10) wrongful termination (Americans with Disabilities Act); (11) failure to accommodate disability (Americans with Disabilities Act); (12) retaliation (Americans with Disabilities Act); (13) wrongful termination (Rehabilitation Act); (14) failure to accommodate disability (Rehabilitation Act); (15) wrongful termination (violation of public policy); (16) wrongful termination (breach of contract); (17) wrongful termination (breach of the covenant of good faith and fair dealing); (18) wrongful termination (Labor Code 132a); (19) failure to provide meal and rest periods (Labor Code 226.7 and 512); (20) negligence; (21) intentional infliction of emotional distress; and (22) negligent infliction of emotional distress.

**DISCUSSION**

**I.     Punitive damages**

Plaintiff seeks to amend the complaint to add a claim for punitive damages pursuant to various causes of action.[2] Plaintiff's proposed amended complaint alleges that she is entitled to punitive damages because defendant lied to her about her drug test results. According to plaintiff, she has learned in discovery that defendant does not have the results from the two drug tests; based on this information, plaintiff asserts that the drug tests either came back negative or defendant never actually performed the drug tests.

Defendant asserts that plaintiff should not be allowed to amend the complaint to request punitive damages because Naranjo unduly delayed in seeking to amend the complaint and as a result, defendant will suffer undue prejudice. Defendant claims that Naranjo could have included a request for punitive damages in her first amended complaint filed in state court prior to removal. The Court is not persuaded that plaintiff has unduly delayed. As discussed *infra*, at the time plaintiff filed the amended complaint in state court, she was required under California Code of Civil Procedure Section 425.14 to make a *prima facie* case and obtain court approval prior to filing a complaint seeking punitive damages against a religious corporation. In light of this procedural requirement, a party might well require additional time to seek punitive damages in state court. Moreover, the Court finds plaintiff sought to amend the complaint relatively soon after removal to this court.

The Court also finds that defendant will not be prejudiced by the amendment. Defendant

---

[2] Plaintiff wishes to seek punitive damages under the following claims: (1) wrongful eviction under the Rent Ordinance and San Francisco Rent Board; (2) wrongful eviction in violation of the Fair Housing Act (FHA); (3) wrongful eviction in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) wrongful termination in violation of the Americans with Disabilities Act (ADA); (6) failure to accommodate plaintiff's disability in violation of the ADA; (7) wrongful termination in violation of public policy; and (8) intentional infliction of emotional distress.

Plaintiff's proposed second amended complaint states she is not requesting punitive damages for her ADA retaliation claim in light of the Seventh Circuit's decision in *Kramer v. Bank of America Securities LLC,* 355 F.3d 961,964 (7th Cir. 2004). However, in a footnote in plaintiff's reply brief, plaintiff suggests that she does intend to seek punitive damages under this claim. Plaintiff has not properly raised this issue. If plaintiff intends to seek punitive damages based on this claim, the parties shall meet and confer to determine whether defendant will stipulate to such an amendment and if necessary, plaintiff shall file a motion.

Finally, the Court notes that although defendant argues plaintiff cannot seek punitive damages based on the Rehabilitation Act, plaintiff's proposed second amended complaint does not seek punitive damages under this statute.

4

claims that it will be prejudiced because the deposition of Ms. Naranjo was completed on August 17, 2006. As an initial matter, plaintiff has agreed to a further deposition if defendant wishes to re-depose her. Moreover, the punitive damages claim is based on whether defendant actually performed the drug tests, and thus plaintiff is unlikely to possess this information.

The parties also dispute whether punitive damages are available under the supplemental state claims. California Code of Civil Procedure Section 425.14 requires a plaintiff to make a showing of a *prima facie* case and obtain court approval before including a claim for punitive damages in a complaint against a religious organization. *See Rowe v. Superior Court*, 15 Cal. App. 4th 1711, 1713 (Ct. App. 1993) (legislative purpose of the code is to "protect religious organizations from the expense of defending against punitive damages claims for which plaintiff can show no likelihood of success."). Defendant contends that § 425.14 applies in this case, and bars plaintiff from seeking punitive damages. Plaintiff responds that § 425.14 is a procedural state rule and therefore it does not apply in this federal action.

Under the *Erie* doctrine, only substantive state law applies to supplemental state claims; if the state law is purely procedural, it does not apply. *See Crowe v. Wiltel Commc'n Sys.* 103 F.3d 897, 899 (9th Cir. 1996). To determine whether a rule is procedural or substantive, it is important to examine the twin aims of the *Erie* doctrine which are "discouragement of forum shopping and avoidance of inequitable administration of the law." *Hanna v. Plumer*, 380 U.S. 460 (1965).

Here, the Court concludes that § 425.14 is procedural, not substantive, and therefore that it does not apply. Section 425.14 does not contain any substantive elements of a punitive damages claim, nor does it limit a plaintiff's recovery in any way. *Cf. Gasperini v. Center for Humanities*, 518 U.S. 415 (1996) (noting that courts have found statutory caps on damages and statutes of limitation to be substantive). Instead, § 425.14 sets forth a procedure for obtaining court approval prior to seeking punitive damages. Other courts have found similar statutes to be procedural. *See Ammann v. Massey-Ferguson, LTD,* 933 F. Supp. 840 (D.S.D. 1996) (holding that a statute requiring the court to first make a finding that there was a "reasonable basis" for the claim of punitive damages before the issue could go to the finder of fact is procedural); *see also Hamm v. American Home Products Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) (holding that bifurcation was a procedural issue and governed

5

by the federal rules).

## II.     Additional Bases for Wrongful Eviction Claim

Plaintiff also seeks to clarify the basis for her wrongful eviction claim. In the first amended complaint, plaintiff included claims under the Rent Ordinance, San Francisco Rent Board and "other applicable codes, statutes, regulations, and decisional law." First Am. Compl. ¶ 32. Plaintiff wishes to clarify this claim by adding, "including but not limited to California Code of Civil Procedure sections 1159, *et. seq.* and California Civil Code Sections 1940.2, 1946, 1953, 789 and 789.3." Defendant claims these additional claims are unduly delayed because plaintiff knew or should have known to raise these claims in the first amended complaint.

Although plaintiff knew or should have known of these claims, leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Additionally, delay alone does not provide sufficient grounds for denying leave to amend "where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous." *Howey v. U.S.*, 481 F.2d 1187, 1190-1191 (9th Cir. 1973). Here, defendant will not be prejudiced by the proposed amendments because they simply include additional legal bases for the wrongful eviction claim.

## III.    Request for Jury Trial

Plaintiff seeks to demand a jury on the punitive damages claim. The Salvation Army asserts that plaintiff has waived her right to a trial by jury because neither the original nor the amended complaint demanded a jury. Plaintiff did not request a jury trial until August 18, 2006 when she filed the instant motion. Federal Rule of Civil Procedure 38(b) governs a party's demand for a jury trial. That rule states in pertinent part: "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)." Fed. R. Civ. P. 38(b).

Whether the request for a jury trial on the punitive damages claim has been waived depends on whether the factual predicate for the punitive damages claim is considered a new "issue" under rule

38(b). *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005) ("Once waived, the [jury trial] right is revived by amendments to the pleadings only if new issues are raised in such amendments.") (internal citation omitted). To be considered a new "issue," the new pleading must allege a new issue of fact rather than a new theory of recovery. *Id.* (holding amended complaint alleging new claims based on same set of facts did not create new "issue" to revive jury trial right).

Here, plaintiff's proposed second amended complaint alleges new facts, namely that "defendant falsely stated she tested positive on . . . drug tests or defendant never performed the drug tests on the urine sample." The Court is persuaded this is a new factual issue that was not previously plead, and thus that plaintiff's right to demand a jury trial on the punitive damages claims was revived by the proposed second amended complaint.

## **CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for leave to amend the complaint. (Docket No. 24). Plaintiff shall file a second amended complaint by **September 29, 2006.**

**IT IS SO ORDERED.**

Dated: September 21, 2006

SUSAN ILLSTON
United States District Judge